# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARKEL JOHNSON**
        **Plaintiff,**

        **v.**

Case No. 10-C-337

**STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS and HOLLY MEIER,**
        **Defendants.**

## ORDER

The plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983 and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By order dated May 7, 2010, plaintiff was directed to pay the Clerk of Court a sum of $11.65 within 21 days, as an initial partial filing fee. Plaintiff was warned that failure to pay the initial partial filing fee would result in dismissal of this case for failure to prosecute, and that he would still owe the entire $350 filing fee.

Plaintiff did not pay the initial partial filing fee on time, and in an order dated June 11, 2010, I dismissed this case for failure to prosecute. However, on June 23, 2010, plaintiff wrote to the court and stated that he never received my order requiring him to pay the initial partial filing fee. For this reason, I will reinstate his case pursuant to Civil Local Rule 41(c), which allows cases to be reinstated within 21 days after they have been dismissed for failure to prosecute. Further, the Clerk of Court will be directed to mail a second copy of my May 7, 2010 order to plaintiff. Plaintiff is hereby warned that if he does not pay the $11.65 initial partial filing fee within 21 days of the date of this order, his case will be dismissed once again.

Plaintiff also requests that I appoint counsel to represent him. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to litigate the case him or herself. Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

In this case, plaintiff states that he has attempted to obtain legal counsel on his own. However, at this stage plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, I will not appoint counsel to represent plaintiff. If as this case proceeds it appears that plaintiff will require the assistance of counsel to competently litigate his claims, I will reconsider whether counsel should be recruited.

For the reasons stated, **IT IS ORDERED** that this case be **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff must pay $11.65 as an initial partial filing fee to the Clerk of Court within 21 days. Failure to pay the filing fee will result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of Court send plaintiff an additional copy of my May 7, 2010 order.

2

Dated at Milwaukee, Wisconsin, this  25  day of June, 2010.

                                                    /s  
                                           LYNN ADELMAN  
                                           District Judge