UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MARKEL JOHNSON,**
      **Plaintiff,**

      v.                                         Case No. 10-CV-337

**HOLLY MEIER, RICK RAEMISCH,**
**JODINE DEPPISCH, JIM SCHWOCHERT,**
**MARK SCHOMISCH, RENEE SHULER,**
**DR. DAVID BURNETT, and JOHN DOE,**
      **Defendants.**

## DECISION AND ORDER

Plaintiff Markel Johnson, an inmate in a Wisconsin prison, has filed this lawsuit under 42 U.S.C. § 1983. He alleges that various administrators are subjecting him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution by refusing to approve his request for surgery on his knee. Defendants have moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies.

### I. BACKGROUND

On February 28, 2008, when he was incarcerated at Fox Lake Correctional Institution, plaintiff injured his knee during a basketball game. The institution provided plaintiff with some treatment for this injury, but plaintiff alleges that he continues to suffer pain and that he requires surgery. On October 25, 2009, plaintiff filed an offender complaint with the institution pursuant to the Wisconsin Department of Correction's inmate complaint review system. See generally Wis. Admin. Code Ch. DOC 310. In this complaint, plaintiff explained that he had injured his knee, that he was in tremendous pain,

that he had been advised by doctors that he needed surgery, but that Dr. Larson—the doctor at Fox Lake—refused to authorize the surgery and would not tell plaintiff why he could not have the surgery.

On October 27, 2009, Renee Schueler, the Institution Complaint Examiner ("ICE") at Fox Lake, responded to plaintiff's offender complaint in writing. She explained that she was returning the complaint without processing because plaintiff was required to first attempt to resolve his issue informally with medical staff. Schueler was authorized to return the complaint for this reason under § DOC 310.09(4) of the Wisconsin Administrative Code, which provides that an ICE may direct the inmate to attempt to resolve the issue raised in the complaint before accepting the complaint for filing. Schueler informed plaintiff that once he attempted to resolve his issue with medical staff, he could file a new offender complaint. Schueler instructed plaintiff to provide her office with any written documentation of his attempts to resolve the issue with medical staff.

On November 8, 2009, plaintiff submitted a second offender complaint relating to his knee injury. In this complaint, plaintiff explained that he had attempted to resolve his issue with medical staff before he filed his first complaint, and that he was attaching the documentation he had received in response to his earlier attempts. Plaintiff then stated:

> The reason I'm submitting this [offender complaint] is because I was denied surgery on my left knee and I would like to know why when on paper it clearly shows I have a torn ACL. I've been in pain lately and would like to get this process over with.

(Schueler Aff. [Docket #32] Ex. 1003.)

On November 10, 2009, Schueler once again refused to accept plaintiff's complaint for processing. This time, she stated that the complaint was being returned pursuant to

a rule stating that inmate complaints shall "[c]ontain only one issue per complaint, and shall clearly identify the issue." See Wis. Admin. Code § DOC 310.09(1)(e). Schueler did not explain whether she thought that plaintiff had raised more than one issue in his complaint or she thought that the complaint did not clearly identify the issue.[1]

Plaintiff did not make any further attempts to exhaust his administrative remedies.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner may not bring an action under federal law related to prison conditions unless the prisoner has properly exhausted any administrative remedies that the prison makes available. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion" means using all steps that the prison holds out, and doing so properly, so that the institution addresses the prisoner's complaint on the merits. Woodford, 548 U.S. at 90. Failure to properly exhaust is an affirmative defense, and the defendants have the burden of raising and proving the absence of proper exhaustion. Jones v. Block, 549 U.S. 199, 216 (2007).

In the present case, whether plaintiff properly exhausted his administrative remedies turns on whether his second offender complaint was properly filed. The defendants argue that it was not because it did not satisfy the rule stating that complaints must contain only one issue and must clearly identify that issue, Wis. Admin. Code § DOC 310.09(1)(e).

---

[1]Here is the full text of Schueler's response:

Your complaint materials received on November 10, 2009 are being returned because:
- Complaints shall contain only one issue and that issue shall be clearly identified [DOC 310.09(1)(e)].

(Schueler Aff. [Docket #33] Ex. 1004.)

3

However, the second complaint stated that plaintiff was filing it because he was denied knee surgery and wanted to know why. This is a single issue, and it was clearly identified—the issue being that plaintiff was denied knee surgery and was not told why. Thus, the complaint satisfied § DOC 310.09(1)(e).

Defendants contend that if plaintiff was "simply making a request that someone either approve surgery or explain to him why not," then "an inmate complaint would not be the proper mechanism for making that inquiry." (Reply Br. [Docket #41] at 5.) Defendants do not explain why an inmate complaint would not be the proper mechanism for raising the failure to either approve surgery or explain why not, and I do not see anything in Chapter DOC 310 that prevents an inmate from raising such an issue in an inmate complaint. In any event, Schueler did not return plaintiff's complaint because it raised an issue that can't be raised through the inmate complaint review system. She returned it because she thought it raised more than one issue or did not clearly state the issue.

Defendants do not contend that plaintiff should have appealed, within the inmate complaint review system, Schueler's decision to return the second complaint. Indeed, it seems that Schueler's decision was not appealable. An ICE's authority to return a complaint without processing comes from Wisconsin Administrative Code § DOC 310.09(3), which states that the ICE "shall return, and not process as complaints, submissions that do not meet the requirements under [§ DOC 310.09(1)]." As far as I can tell, Chapter DOC 310 does not allow an inmate to appeal an ICE's decision to return a complaint without processing. Although Chapter DOC 310 allows an inmate to appeal an ICE's decision to "reject" a complaint, see Wis. Admin. Code § DOC 310.11(6), the rules seem to draw a distinction between a complaint that has been "returned" and one that has

4

been "rejected"—a complaint is "returned" when it does not meet the requirements stated in § DOC 310.09(1), while a complaint is "rejected" for the reasons stated in § DOC 310.11(5). The rules do not explicitly state that a decision to "return" a complaint can be appealed.

Although defendants do not contend that plaintiff should have appealed Schueler's decision, they do contend that he should have filed a third grievance in which he corrected the problem that Schueler identified. But Schueler did not identify any problem that plaintiff could have corrected. She did not identify multiple issues that had to be separated into different complaints or explain what was unclear to her about the issue that plaintiff was attempting to raise. And since plaintiff actually stated a single, clear issue, it is impossible to identify anything that plaintiff could have done to satisfy Schueler. Thus, once Schueler returned the complaint for failure to comply with § DOC 310.09(1)(e), plaintiff was left with no further remedies under the inmate complaint review system. He could not have appealed, and he could not have filed a third complaint in which he corrected the purported deficiency in the second complaint. Thus, plaintiff has properly exhausted all remedies that were available to him under the inmate complaint review system. See Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. 2006) (holding that if inmate properly follows grievance procedure and prison officials mishandle grievance, then inmate must be considered to have exhausted administrative remedies); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) (holding that when inmate does everything required by administrative rules, he has exhausted his administrative remedies).

5

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a late response to defendants' proposed findings of fact is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of February 2012.

s/_____
LYNN ADELMAN
District Judge